**David SMITH, by his next friend, Richard N. SMITH, Plaintiff–Appellee,**

v.

**BOARD OF EDUCATION, NORTH BABYLON UNION FREE SCHOOL DISTRICT, Defendant–Appellant.**

No. 524, Docket 87–7768.

United States Court of Appeals, Second Circuit.

Argued Feb. 3, 1988.

Decided April 14, 1988.

Ronald A. Krauss, Philadelphia, Pa. (Wolf, Block, Schorr & Solis–Cohen, Philadelphia, Pa., Amy Adelson, Marc D. Stern, Lois C. Waldman, American Jewish Congress, New York City, of counsel), for plaintiff-appellee.

Donald T. McMillan, Uniondale, N.Y. (Rivkin, Radler, Dunne & Bayh, Uniondale, N.Y., Frank L. Amoroso, Evan H. Krinick, of counsel), for defendant-appellant.

Jeffrey P. Sinensky, Anti–Defamation League of B'nai B'rith, New York City (Jill L. Kahn, Livia D. Thompson, Justin J. Finger, Meyer Eisenberg, Sanford I. Weinberg, of counsel); The Rutherford Institute, Manassas, Va., Deborah A. Ausburn, David A. French, John W. Whitehead, amicus curiae for plaintiff-appellee.

Before LUMBARD, WINTER and ALTIMARI, Circuit Judges.

LUMBARD, Circuit Judge:

The Board of Education, North Babylon Union Free School District appeals from a judgment of the District Court for the Eastern District of New York, Mishler, *Judge*, entered on August 11, 1987 that restrains and enjoins the Board from scheduling Babylon High School's graduation exercises on a Saturday for the class graduating in June 1988. The Board maintains that Judge Mishler erred by finding that appellee David Smith's ability to attend his high school graduation ceremony is an important benefit, in that his inability to attend a Saturday graduation ceremony because of his Orthodox Jewish religious beliefs, causes the Board's scheduling of graduation exercises on a Saturday to constitute an unconstitutional burden on his right under the First Amendment to exercise freely his religious beliefs. The Board further argues that Judge Mishler's injunction, which orders the Board to accommodate David Smith's religious beliefs, would result in an entanglement of church and state, thereby causing the Board to violate the establishment clause. Finding that David Smith has failed to demonstrate that attending his high school graduation ceremony is a benefit requiring the protection of the free exercise clause, we reverse.

I.

The undisputed facts show that David Smith is a senior at Babylon High School and expects to graduate this June. The Board has scheduled the 1988 commencement exercises for the high school for the first Saturday morning in June following the last New York State Regents examination. Smith, who is an Orthodox Jew, has maintained that he would be unable to attend a Saturday graduation because his practice of strictly observing the Jewish Sabbath (which begins at sundown on Friday and ends at sundown on Saturday) prevents him from engaging in such secular activities on Saturdays.

From 1960 through 1971, the high school conducted its graduation exercises on Sundays. Commencing in 1972, when the practice of junior high school exercises was

terminated, high school graduations have been held on Saturdays, with a raindate generally scheduled for the following Sunday. Beginning in 1985, the raindate was eliminated and, in the event of rain, two indoor ceremonies are conducted on Saturday. The Saturday date selected for this year's commencement is a continuation of this practice. Aware of the scheduling practice, David Smith's father, Rabbi Smith, has advised the school superintendent and the Board since the fall of David's freshmen year that David's religious beliefs would prevent him from attending a ceremony on Saturday and requested that graduation be scheduled for a different day.

During its March and April 1985 meetings, the School Board considered community opinions on the question of changing the day for graduation exercises. The majority of responses indicated opposition to the change. On June 17, 1985, the Board unanimously reaffirmed the policy of holding graduations on Saturday. The Board gave several reasons for its decision. First, given the timetable for grading Regents examinations, the Saturday following the last exam is the first date on which the ceremony can be held. Second, Saturday is a more convenient date for the majority of students, parents and families. Third, the first Saturday following the completion of the Regents examinations is the most convenient date for school administrators, teachers, and staff who participate in the exercises. Scheduling graduation for any other day would require these school employees to delay plans they might have for the beginning of their summer vacation periods.

The parties agree that a student is entitled to receive his diploma and any academic or athletic awards whether or not he attends graduation. Award recipients are separately recognized at a ceremony held during the week following graduation.

David Smith filed suit in the district court on January 2, 1986, alleging that by scheduling the 1988 graduation for a Saturday, the Board had violated his First Amendment right to exercise freely his religion. Following cross-motions for summary judgment, the district court issued a Memorandum and Order, dated August 11, 1987, granting Smith's motion.

Judge Mishler found that Smith's religious beliefs were sincere. He found that graduation exercises are an "important benefit" conferred by the Board that cannot be denied because of an individual's adherence to his religious beliefs. The court distinguished graduation exercises from extracurricular activities such as dances and sporting events because, unlike those events which the court recognized are not considered important benefits that trigger the protection of the free exercise clause, graduation, although not instructional or mandatory, is "conducted as a part and extension of the education program." The court further found that the Board demonstrated no compelling interest for holding the graduation exercises on a Saturday that would justify the burden on Smith's free exercise rights. Concluding that a Saturday graduation would impose an unconstitutional burden on appellee's free exercise of his religious beliefs, the court ordered the Board to reschedule the 1988 commencement exercises for a day other than Saturday.

## II.

■ A person may not be compelled to choose between the exercise of his religious beliefs and participation in a public program. *See Everson v. Board of Education,* 330 U.S. 1, 16, 67 S.Ct. 504, 511–12, 91 L.Ed. 711 (1947). To demonstrate an infringement on his free exercise rights, an individual must show "the coercive effect of the [state] enactment as it operates against him in the practice of his religion." *School District of Abington Township v. Schempp,* 374 U.S. 203, 223, 83 S.Ct. 1560, 1572, 10 L.Ed.2d 844 (1963). This coercion can be either direct or indirect. *See Hobbie v. Unemployment Appeals Commission of Florida,* —— U.S. ——, 107 S.Ct. 1046, 1049, 94 L.Ed.2d 190 (1987); *Thomas v. Review Board of the Indiana Employment Security Division,* 450 U.S. 707, 717–18, 101 S.Ct. 1425, 1432, 67 L.Ed.2d 624

(1981). The Supreme Court has held "[w]here the State conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs, a burden upon religion exists." *Id.* at 718, 101 S.Ct. at 1432.

Generally it is not proper for courts to evaluate the truth or correctness of an individual's sincerely held religious beliefs. *See United States v. Ballard,* 322 U.S. 78, 86, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944). It is not disputed that David Smith's religious beliefs are sincere and that if the commencement is scheduled for a Saturday he will not be able to attend.

Throughout this litigation, David Smith has maintained that attending his high school graduation is an important benefit conferred by the government which would be denied to him because of the free exercise of his religious beliefs if it is held on a Saturday. Judge Mishler agreed, finding that:

> Graduation is distinguishable from sporting events, dances and stage productions ... graduation is conducted as part of and as an extension of the education program ... it is irrelevant that the ceremony is not instructional or mandatory. The right to protection turns on the fact that students have an understanding and a legitimate expectation that upon completion of their studies they will receive a diploma attesting to the satisfactory completion of their studies and that they will be entitled to attend the graduation exercises to receive the diploma.

We agree with Judge Mishler that David Smith and his classmates have a legitimate expectation that upon the satisfactory completion of their studies they will receive a diploma attesting to their fulfillment of those requirements and formally vesting them with the benefits of a high school education. If this case presented a situation in which a school board required attendance at graduation as a prerequisite to a student receiving his diploma, unless it could demonstrate a compelling governmental interest for such action, that board would violate the free exercise rights of a student with beliefs like those of David Smith by scheduling its graduation ceremonies on a Saturday because it would be forcing the student to choose between his religious beliefs and being divested of his high school diploma—an undeniably important benefit. *See Spence v. Bailey,* 465 F.2d 797, 798–800 (6th Cir.1972) (forfeiture of diploma for failure to participate in physical education program because of student's religious beliefs constituted an unconstitutional burden on student's free exercise of his religious beliefs).

The School Board's scheduling of graduation on Saturday will deny David Smith the opportunity to attend the exercises but we do not believe that this will deny him an important benefit—he will receive his diploma and therefore will be vested with the interests that it represents whether or not he attends the graduation exercises.

In a pluralistic society such as ours it is impossible for government to accommodate every need of every religious group. *See Braunfeld v. Brown,* 366 U.S. 599, 606, 81 S.Ct. 1144, 1147, 6 L.Ed.2d 563 (1961). In *Braunfeld,* a group of Philadelphia merchants, all of whom were Orthodox Jews, challenged a state criminal statute forbidding retail sales on Sundays on the ground that it interfered with the free exercise of their religion by imposing serious economic disadvantages on them. They based this claim on the fact that the combined effect of the operation of the law and their observance of their Sabbath would prevent them from operating their businesses on either Saturday or Sunday. Finding that "the Sunday law simply regulates a secular activity and, as applied to appellants, operates so as to make the practice of their religious beliefs more expensive," *id.* at 606, but did not "attempt [ ] to make a religious practice itself unlawful," *id.* at 606 the Court did not find a sufficient burden on the free exercise of their religious beliefs to require the protections of the free exercise clause.

With this in mind, we believe that the burden being placed on David Smith's free exercise of his religious beliefs simply makes the practice of his religion more difficult than the practice of other religions but that it is not the type of burden on core religious freedom rising to the level of a violation of the free exercise clause. *Id.* at 605–06, 81 S.Ct. at 1147. *Compare Hobbie v. Unemployment Appeals Commission of Florida,* —— U.S. ——, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987) (state's refusal to award unemployment compensation to claimant who was discharged because she refused to work on her Sabbath violated her free exercise rights); *Thomas v. Review Board of the Indiana Employment Security Division,* 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981) (state's denial of unemployment compensation to claimant who was discharged because his sincerely held religious beliefs preventing him from participating in the production of weapons violated his free exercise rights); *Sherbert v. Verner,* 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) (state's denial of unemployment benefits to a sabbatarian who refused to work on her sabbath unconstitutionally impinged on her free exercise rights); *Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) (in the absence of a compelling governmental interest, the threat of criminal sanctions against Amish parents for refusing to send their children to school under a compulsory school attendance statute unconstitutionally burdens their right to the free exercise of religion).

Having concluded that attending the graduation exercises is not a prerequisite to a student receiving his diploma, we do not agree with the district court that attending the graduation ceremony by itself is such an important benefit that deprivation of that benefit is an unconstitutional infringement on David Smith's right to exercise freely his religious beliefs. The exercises are merely a social occasion at which students and their families and friends gather to mark an event. We believe that the exercises are not an important benefit conferred by the state and, as a result, we find that David Smith's inter-est in attending them is not protected by the free exercise clause.

We reverse the decision of the district court and vacate its order restraining and enjoining the School Board from scheduling the 1988 commencement exercises on a Saturday.