Lauritz A. WILLIAMS, Plaintiff,

v.

**AUSTIN INDEPENDENT SCHOOL DISTRICT, Defendant.**

**Civ. No. A–92–CA–346.**

United States District Court,
W.D. Texas,
Austin Division.

June 9, 1992.

Lauritz A. Williams, Sr., pro se.

James R. Raup, McGinnis, Lochridge & Kilgore, Austin, Tex., for defendant.

## MEMORANDUM OPINION

SPARKS, District Judge.

Plaintiff Lauritz A. Williams ("Williams") filed a Motion for Temporary Restraining Order on June 2, 1992, requesting this Court to require the Austin Independent School District ("AISD") to allow his son, Lauritz A. Williams, Jr., ("Williams, Jr.") to participate in the McCallum High School Graduation Ceremony on June 3, 1992. Because Williams, Jr. would not be allowed to graduate with his fellow classmates, Williams claims he is being "unconstitutionally denied a high school diploma and the right to participate in the McCallum High School Graduation Ceremony." On June 2, 1992, the Court held an evidentiary hearing in which the parties appeared in person and/or by and through counsel of record. After listening to the testimony of witnesses and arguments of counsel, the Court orally denied the temporary restraining order.

## FACTS

Williams' son, Williams, Jr., is a high school senior at McCallum High School in Austin, Texas who failed to complete successfully the recently implemented Texas Assessment of Academic Skills Examination ("TAAS"). Williams, Jr. failed the math portion of the April, 1991, TAAS test by one point. He was re-tested in April, 1992, and again failed. Williams, Jr. received his latest results in May, 1992. When Williams attempted to file a formal appeal with the Commissioner of Education for the State of Texas, he was informed that "[t]he appropriate remedy lies with the judiciary." May 26, 1992, letter to Lauritz A. Williams, from Joan Howard Allen of the Texas Education Agency.

The TAAS examination is a statewide competency examination designed to measure student performance in mathematics and English language arts. High school students in Texas must pass all sections of the TAAS before he or she may receive a high school diploma. Tex.Educ.Code § 21.-553(a). Students may retake the sections he or she previously failed until he or she performs satisfactorily on all sections of the test, at which time he or she "shall be issued a high school diploma." *Id.* § 21.-553(b), (c). Students have been required to perform satisfactorily on all sections of a "secondary exit level assessment instrument" in order to graduate since Sept. 1, 1984. *See id.* However, Williams is correct that successful completion of the TAAS in particular was only made a re-

quirement for graduation in the fall of 1991, although the TAAS was first administered in October, 1990. According to Williams, who has never seen nor taken the TAAS, the TAAS is substantially more difficult than the test previously required for graduation by high school students in Texas.[1]

## PRELIMINARY INJUNCTIVE RELIEF

### A. *Standard*

█ To obtain preliminary injunctive relief, Williams must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that Williams, Jr. will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the injunction will not disserve the public interest. *Crump v. Gilmer Indep. School Dist.*, No. 6:92–CV–315, slip op. at 3, 1992 WL 180986 (E.D.Tex. May 29, 1992); *Mississippi Power & Light v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir.1985). A preliminary injunction is an extraordinary remedy, which should only be granted if the plaintiff clearly carries the burden of persuasion on each factor. *Id.*

### B. *Analysis*

#### 1. Likelihood of Success on the Merits

█ Whether a high school student should be allowed to graduate from a Texas high school is a question more properly answered by the Texas legislature or the Texas Board of Education. Education is not a fundamental right. Absent allegations of equal protection violations, decisions regarding educational requirements are not generally subject to federal court scrutiny under the Fourteenth Amendment. *See San Antonio School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1972).

With that in mind, it becomes apparent that Williams has a heavy burden. Williams claims his son was unconstitutionally denied a high school diploma and the right to participate in the June 3, 1992, McCallum High School Graduation Ceremony. Construing his complaint liberally,[2] the basis for William's claims are that his son was given inadequate notice that he would have to pass the TAAS and that the courses he took at McCallum High School inadequately prepared him to pass the TAAS, violating his son's right to due process under the Fourteenth Amendment. In his complaint, Williams does not make an equal protection violation claim, and during the hearing he confirmed that he was not challenging the TAAS as being racially biased.

█ The Court recognizes that in enacting systems of free public education with mandatory attendance, States create "legitimate entitlement[s] to a public education as a property interest which may be protected by the Due Process Clause." *See Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975); *Debra P. v. Turlington*, 644 F.2d 397, 403 (5th Cir. 1981). However, that is not the issue here. Williams is not arguing that the Austin Independent School District is depriving him of an education. Indeed, the very test Williams complains of was designed to ensure that Texas students actually receive a minimum level of education before they are allowed to graduate.

█ The Court also recognizes that the Fifth Circuit in *Debra P. v. Turlington* found that students have a legitimate expectation they will receive diplomas if they attend school for the requisite number of years and take and pass required courses. *Debra P.*, 644 F.2d at 404. In that case, the Court found students had been given inadequate notice that they must pass a

---

**1.** Williams told the Court he decided to file this lawsuit after reading in the newspaper that Federal Judge William Wayne Justice had ordered the Gilmer Independent School District to allow two students, who had failed the TAAS but completed their other graduation requirements, to participate in the Gilmer High School Gradua-

tion Ceremony. Williams' opinion on the difficulty of the TAAS presumably came at least partially from that newspaper article and his son.

**2.** Williams is representing his son pro se.

functional literacy test before they could graduate. *Id.* The students in *Debra P. v. Turlington* had thirteen months notice between the administration of the first functional literacy test and the administration of the third functional literacy test, which would be the last test given to that year's high school seniors in order to graduate at the normally expected time. *Debra P. v. Turlington*, 474 F.Supp. 244 (M.D.Fla. 1979), *aff'd* 644 F.2d 397 (5th Cir.1981).

■ In this case, students in Texas have known for seven years that they must pass a comprehensive examination before receiving their diplomas. According to the testimony of Penny Miller, the principal of McCallum High School, students upon entering McCallum High School are given a high school guide, which discusses the TAAS[3] and the fact that all students must pass the test to graduate. She also testified that teachers frequently discuss the TAAS with their students in class. Williams offered no evidence to contradict her testimony.

That some students who may have passed last year's test will fail this year's allegedly more difficult test does not render the test unconstitutional. Taking the holding of *Debra P. v. Turlington* and stretching it to mean that not only must students be given time to generally prepare for a comprehensive test like the functional literacy test administered in Florida, but they must be given time to specifically prepare for the same, but more difficult, kind of test does not further the purpose of that holding. Students should be given a fair opportunity to pass the test, not a guarantee that they will pass the test.

From the evidence presented to the Court, it appears that Williams, Jr. was given adequate notice that he must pass the TAAS to graduate and is unlikely to prevail on the merits based on inadequate notice.

Williams is also unlikely to prevail on the merits of his second asserted due process violation, that his son was not taught all the material tested on the TAAS. *See Debra P.*, 644 F.2d at 404–06. In *Debra P. v. Turlington*, the Court found that a test required for graduation could be "fundamentally unfair" and constitute a due process violation if the test did not measure what was actually taught in school. *Id.* at 404–05. In that case the Fifth Circuit Court of Appeals sent that issue back to the district court on remand because the State of Florida had "merely assumed" the materials covered on the test were being taught, but offered no real proof that they actually were. *Id.* at 405.

In this case, however, AISD presented substantial evidence that McCallum High School provided, and Williams took, courses which adequately prepared him to take and pass the TAAS. Elton Shillup, Math Coordinator for AISD, testified that the math portion[4] of the TAAS primarily covers algebra and geometry. He and Penny Miller testified that Williams, Jr. took pre-algebra, geometry, algebra, and two tutorial courses designed to help students who had failed the math portion of the TAAS. Mr. Shillup further testified that, although the TAAS is a "closed test",[5] the Texas Education Agency provides the school with a book describing the thirteen objectives of the TAAS, with 138 subcomponents, and giving other general information about what the TAAS covers. From this information, course curricula are designed specifically to include the material described in the objectives to prepare students to take the TAAS. Thus, unlike the State of Florida in *Debra P. v. Turlington*, the AISD has not "merely assumed" that the subject

---

**3.** In the case of students entering high school beginning in 1984, but before the TAAS replaced earlier versions of the examination, the guide would presumably have discussed the earlier version of the mandatory examination. In either case, however, students would have been made aware that passage of *some* final comprehensive examination was a prerequisite to graduation from McCallum High School.

**4.** Recall Williams, Jr. failed only the math portion of the TAAS.

**5.** A "closed test" means teachers and AISD officials are not allowed to view the contents of the test or students' answers.

matter tested on the TAAS is taught in Texas high schools.

Again, Williams put on no evidence to contradict the testimony of AISD witnesses, which the Court found both credible and persuasive. Williams is not likely to prevail on the merits of either due process violation claim.

### 2. Irreparable Injury

█ Williams suffered no irreparable injury by not being allowed to participate in McCallum High School's June 3, 1992, Graduation Ceremony. While the Court recognizes that high school graduation is an important and memorable occasion in a young person's life, "walking across the stage" certainly does not rise to the level of a constitutionally protected property interest any more than attending one's high school prom, which most young people also expect to do after completing twelve years of public school. It is the actual high school diploma which is the property interest described in *Debra P. v. Turlington. Debra P.*, 644 F.2d at 404. There is no accompanying constitutional right to receive that diploma at a specific graduation ceremony, and while this Court certainly has no objection to the Austin Independent School District ("AISD") allowing Williams to participate in McCallum's June 3 Graduation Ceremony tomorrow, it will not order the AISD to do so. Furthermore, the evidence is undisputed that if Williams takes and passes the TAAS in July, or at a later date, he can participate in the August graduation ceremony or in a later graduation ceremony.

Assuming Williams also wanted this Court to issue an injunction requiring AISD to grant Williams, Jr. his high school diploma at the June 3 ceremony, the Court also finds Williams, Jr. is not irreparably injured by not receiving his diploma immediately. Not only has Texas altered the property right described in *Debra P. v. Turlington* so that students in Texas since 1985 only have a legitimate expectation of receiving a diploma after attending school for the requisite number of years, successfully completing required courses, *and* passing a comprehensive exit examination, but Williams will still receive a high school diploma when he passes the TAAS.

### 3. Threatened Injury

The injury to both Williams, Jr. and the AISD is comparable and does not affect the result in this case. Williams, Jr. will suffer to the extent that participating in one's high school graduation ceremony with his or her peers is important to many students. Nonetheless, Williams, Jr. will still have the opportunity to participate in a graduation ceremony at a later time. As for the AISD, while the Court does not believe the AISD would be greatly injured by allowing Williams, Jr. to participate without receiving a real high school diploma, the Court respects the principals' decision to not allow participation by students who failed the TAAS in order to send a message to students that passing the TAAS really is necessary in order to graduate and to properly recognize those students who have completed all the requirements for graduation.[6]

### 4. Public Interest

The Court believes the public interest is better served by this Court not interfering with the decisions of the AISD, the Texas Legislature, the State Board of Education, and the Texas Education Agency ("TEA"). The Texas Constitution vests the duty of establishing "an efficient system of public free schools" and a State Board of Education in the Texas Legislature. Tex. Const., art. VII, §§ 1, 8. The Texas Legislature, in turn, states that trustees, elected to serve in independent school districts, "shall have the exclusive power to manage and govern the public free schools of the district." Tex.Educ.Code § 23.26(b); *see also* § 23.01; § 23.08; § 23.13. There is no question that the education of Texas

---

6. Penny Miller, McCallum High School Principal, testified that principals from all the high schools in the Austin Independent School District held a meeting approximately two weeks ago to decide whether students who had failed the TAAS should be allowed to participate in this spring's graduation ceremonies.

children and determination of educational policies in Texas are state matters, with which this Court should interfere only when constitutional rights are clearly being violated. *See Debra P.*, 644 F.2d at 402–03 (citing *Cumming v. Bd. of Educ.*, 175 U.S. 528, 545, 20 S.Ct. 197, 201, 44 L.Ed. 262 (1899); *Brown v. Bd. of Educ.*, 347 U.S. 483, 493, 74 S.Ct. 686, 691, 98 L.Ed. 873 (1954); *Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975)).

The citizens of Texas are disserved when federal judges substitute their notions of fairness in place of officials elected to make these kinds of policy decisions and judgment calls. Whether or not Williams, Jr. is allowed to participate in the June 3 McCallum High School Graduation Ceremony, the Court does not believe the public interest is substantially effected. Granting Williams, Jr., or any other student who has failed the TAAS, a diploma, however, may disserve the public interest. If, as adjudged by the Texas Legislature, the elected State Board of Education, and the TEA, the ability to pass the TAAS does indicate that a student has received an acceptable level of education and is prepared to enter the work force or proceed on with higher education, then allowing students who have not passed the TAAS to receive a diploma harms the public. The citizens of Texas have a right to expect that a high school graduate is educated and that a diploma is not a meaningless piece of paper.

### CONCLUSION

The Court declines to enter a temporary ·restraining order or a preliminary injunction. Williams has not shown this Court that he is likely to succeed on the merits or that his son will be irreparably harmed if a preliminary injunction is not issued. The decisions to not grant Williams' son a diploma or allow him to participate in the June 3, 1992, McCallum High School Graduation Ceremony are decisions belonging to the AISD, the Texas Education Agency, and the Texas Legislature. There being no clear showing of a constitutional injury absent the granting of preliminary injunctive relief, this Court will not interfere with those decisions at this time.

Furthermore, the Court has reviewed Judge William Wayne Justice's opinion of May 29, 1992, in *Crump v. Gilmer Indep. School Dist.*, 797 F.Supp. 552, which was both the catalyst and basis of the filing of this lawsuit by Williams. While the contentions and supporting evidence of these cases are obviously dissimilar, this Court is also in basic disagreement with Judge Justice. The right of a free public education in Texas is a Texas constitutional right, and the level of education and academic achievement necessary to obtain a diploma from a Texas high school is appropriately a judgment call for the persons elected for that state responsibility and those experienced persons responsible for educating and preparing students to achieve the established level of competence. Any interference in this process is simply destructive to the attempts by the state to salvage its educational system, and this includes interference by the federal judiciary.