**Khurrum KHAN, Plaintiff,**

v.

**FORT BEND INDEPENDENT SCHOOL DISTRICT, Defendant.**

**Civil Action No. H–08–1791.**

United States District Court, S.D. Texas, Houston Division.

June 6, 2008.

Craig A. Washington, Houston, TX, for Plaintiff Khurrum Khan.

Jonathan Griffin Brush, Feldman & Rogers, LLP, Houston, TX, for Defendant Fort Bend Independent School District.

*ORDER*

DAVID HITTNER, District Judge.

Pending before the Court is Plaintiff Khurrum Khan's Motion for Temporary Restraining Order. Having considered the parties' arguments and evidence at a hearing held on June 5, 2008, as well as the motion, submissions, and applicable law, the Court determines Plaintiff's motion should be denied.

*BACKGROUND*

Plaintiff Khurrum Khan ("Khan") seeks a temporary restraining order preventing Defendant Fort Bend Independent School District ("FBISD") from prohibiting him from participating in George Bush High School's graduation ceremony and delivering the valedictorian address on June 7, 2008.[1] FBISD asserts Khan cannot participate in the graduation ceremony or deliver the valedictorian address as he did not exhibit good conduct while enrolled in District Alternative Educational Placement ("DAEP"), an alternative education center within FBISD.

FBISD recently transferred Khan from George Bush High School to DAEP after he violated two FBISD policies governing student conduct.[2] Specifically, FBISD moved Khan to DAEP because FBISD is investigating Khan for hacking into FBISD's computer system and altering students' grades and because a Fort Bend County grand jury indicted Khan for stealing computers from FBISD.[3] Despite be-

1. Khan unquestionably satisfies the requirements to graduate and receive his high school diploma, having achieved the highest grade point average of any student graduating from George Bush High School in 2008. George Bush High School is located in Richmond, Texas.

2. Khan does not contend his assignment to DAEP was improper.

3. Although Khan was indicted on May 12, 2008, the alleged computer theft took place on April 22, 2008. Because of the stolen computers' value, Khan is charged with a state jail felony. Khan paid the appropriate bond and is not in state custody. As for the computer hacking investigation, FBISD first began investigating Khan in March 2008. Khan faces no criminal charges in the computer hacking matter at this time, but the investigation is ongoing.

ing transferred to DAEP, FBISD policies provided that Khan was eligible to participate in the graduation ceremony and deliver the valedictorian address so long as he exhibited good conduct during his DAEP enrollment. Khan, however, subsequently accumulated six consecutive days of unexcused absences during his enrollment in DAEP.[4] Due to these unexcused absences, FBISD administrators determined Khan did not exhibit "good conduct" during his DAEP enrollment, and therefore, Khan cannot attend or participate in the upcoming graduation ceremony.

Khan filed the instant lawsuit and motion for temporary restraining order on June 4, 2008. On June 5, 2008, counsel for Khan and FBISD attended a hearing on the pending motion. Although Khan did not appear at the hearing, his parents and siblings attended.[5] According to Khan, unless this Court grants his motion for a temporary restraining order, FBISD will unconstitutionally deprive him of his property interest in participating in his high school graduation ceremony and delivering the valedictorian address. Khan avers FBISD violated his due process rights because he was not afforded a hearing where he could contest the evidence against him or dispute the allegations. FBISD responds that Khan's due process rights have not been violated because he has no property interest in attending graduation or delivering the valedictorian address. Because Khan has no valid property interest, FBISD asserts Khan is only entitled to minimal due process. According to

FBISD, it afforded Khan sufficient due process.

The Court must determine whether Khan has a protected property interest in attending and participating in his graduation ceremony. If so, the Court must then determine whether to grant Khan's request for a temporary restraining order.

### LAW & ANALYSIS

To obtain a temporary restraining order or preliminary injunction, a plaintiff must establish the following elements by a preponderance of the evidence: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 363 (5th Cir.2003).[6] The decision to grant or deny a preliminary injunction is discretionary with the district court. *Miss. Power & Light v. United Gas Pipe Line,* 760 F.2d 618, 621 (5th Cir.1985). A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiff carries the burden of persuasion on each factor. *Id.* Thus, the burden is on Khan as the moving party to prove he is entitled to injunctive relief. *See id.* The Court will now address each element in turn.

---

**4.** Khan was not present for six days of school as he was in New York with his family for a wedding.

**5.** Khan did not attend the June 5 court hearing held at one o'clock in the afternoon because he was taking a test.

**6.** In addition to Khan's original complaint that was filed on June 4, 2008, and which

limited the relief requested to a temporary restraining order, the Court notes Khan filed a new complaint adding a request for a preliminary injunction and permanent injunction on June 5, 2008. However, the Court's analysis with respect to Khan's motion for a temporary restraining order applies with equal force to Khan's request for a preliminary injunction and/or a permanent injunction.

1. *Likelihood of Success on the Merits*

██ Khan asserts FBISD's decision to exclude him from attending and participating in the graduation ceremony is a "wrongful deprivation of his property right." To prevail on a procedural due process claim, a plaintiff must show he or she was deprived of a constitutionally protected property or liberty interest. *Bundick v. Bay City Indep. Sch. Dist.*, 140 F.Supp.2d 735, 739 (S.D.Tex.2001) ("It is fundamental law that the strictures of due process never arise unless the plaintiff can demonstrate the deprivation of a cognizable liberty or property interest."); *see also Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."); *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of a hearing is paramount."). If a plaintiff is deprived of a protected property interest, then the court must determine whether the plaintiff received adequate notice and an opportunity to respond. *Roth*, 408 U.S. at 569–70, 92 S.Ct. 2701. Thus, the Court must first determine whether FBISD's decision to preclude Khan from attending the graduation ceremony or delivering the valedictorian address will deprive him of a constitutionally protected property or liberty interest. *See Bundick*, 140 F.Supp.2d at 739.

██ A student has an undeniable property interest in a state-provided public education. *Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (recognizing the states have created a "legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause"); *Debra P. v. Turlington*, 644 F.2d 397, 404 (5th Cir.1981) (explaining that students have a legitimate expectation they will receive a diploma after attending school for the requisite number of years and taking and passing the required courses). Significantly, however, the United States Supreme Court, the United States Court of Appeals for the Fifth Circuit, and the United States District Court for the Southern District of Texas have all recognized that the United States Constitution's due process guarantees do not protect a student's interest in participating in extracurricular activities, such as a graduation ceremony. *See Goss*, 419 U.S. at 574, 95 S.Ct. 729 (limiting a student's property interest to the *educational process*); *Bundick*, 140 F.Supp.2d at 739 (citing *Niles v. Univ. Interscholastic League*, 715 F.2d 1027, 1031 (5th Cir.1983)); *see also Williams v. Austin Indep. Sch. Dist.*, 796 F.Supp. 251, 255 (W.D.Tex.1992) ("While the Court recognizes that high school graduation is an important and memorable occasion in a young person's life, 'walking across the stage' certainly does not rise to the level of a constitutionally protected property interest any more than attending one's high school prom, which most young people also expect to do after completing twelve years of public school."). The Texas Constitution similarly fails to provide students with an absolute right to enjoy extracurricular activities. *See Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 561 (Tex. 1985) (holding that "students do not possess a constitutionally protected interest in their participation in extracurricular activities"); *Edgewood Indep. Sch. Dist. v. Paiz*,

856 S.W.2d 269, 271 (Tex.App.-San Antonio 1993, no writ) (providing that students do not have an absolute right to participate in a graduation ceremony).[7]

Because neither the Federal nor Texas Constitution protects Khan's interest in attending and participating in his high school graduation ceremony, the Court finds Khan cannot demonstrate the deprivation of a cognizable liberty or property interest. *See Bundick,* 140 F.Supp.2d at 739. Moreover, the Court finds Khan's inability to establish an underlying protected property interest is fatal to his due process claim. *See id.* Similarly, because Khan cannot prevail on his due process claim, the Court finds Khan cannot meet the "substantial likelihood of success" requirement needed to merit injunctive relief. *See Karaha Bodas Co.,* 335 F.3d at 363; *Esparza v. Bd. of Trs.,* 182 F.3d 915, 1999 WL 423109, at *3 (5th Cir.1999) (finding that the district court did not err in determining that because the students failed to demonstrate how the school district's uniform policy deprived them of a constitutionally protected liberty or property interest, the students did not meet the "substantial likelihood of success" requirement needed to win injunctive relief).

Because Khan cannot establish he has a liberty or property interest in attending or speaking at graduation, it is unnecessary for the Court to determine whether FBISD afforded Khan adequate notice or a hearing because Khan was not entitled to such procedural safeguards. *See Roth,* 408 U.S. at 569–70, 92 S.Ct. 2701; *Bundick,* 140 F.Supp.2d at 739 ("It is fundamental law that the strictures of due process never arise unless the plaintiff can demonstrate the deprivation of a cognizable liberty or property interest."). In any event, based on the facts presented to the Court during the June 5 hearing, the Court finds Khan did receive sufficient minimal due process.

In the instant case, FBISD administrators apparently engaged in at least two informal meetings with Khan as early as May 6, 2008 to discuss the likelihood that Khan would be precluded from participating in graduation. FBISD avers Khan and his parents filed a Level 1 and Level 2 grievance with the school district, and administrators met with Khan's parents on two separate occasions to respond to these grievances. On May 19, 2008, Khan filed a Level 3 grievance with FBISD. FBISD contacted Khan and his parents by telephone on May 20, 2008 and attempted to

---

7. Likewise, other courts have similarly decided students have no property interest in attending or participating in a graduation ceremony. *See Smith v. N. Babylon Union Free Sch. Dist.,* 844 F.2d 90, 94 (2d Cir.1988) (holding that a plaintiff's interest in attending a graduation ceremony is not constitutionally protected because the ceremony is "merely a social occasion at which students and their families and friends gather to mark an event," and not "an important benefit conferred by the State"); *Swany v. San Ramon Valley Unified Sch. Dist.,* 720 F.Supp. 764, 773–774 (N.D.Cal.1989) (holding student had no property interest in graduation ceremony even though he met all the graduation requirements); *Fowler v. Williamson,* 448 F.Supp. 497, 502 (W.D.N.C.1978) (holding that a stu-

dent's liberty interest was not infringed by school officials who denied him the opportunity to participate in a graduation ceremony because it was unreasonable to contend that the student's good name, reputation, honor, or integrity was at stake); *Dolinger v. Driver,* 269 Ga. 141, 498 S.E.2d 252, 254 (1998) ("[S]tudents have no right to participate in a graduation ceremony."). Although Khan relies on *Riggan v. Midland Indep. Sch. Dist.,* 86 F.Supp.2d 647 (W.D.Tex.2000), *Riggan* does not stand for the proposition that exclusion from graduation ceremonies alone impacts protected property rights. *See id.* at 655. Rather, the *Riggan* court focused on the fact that the student's punishment excluded the student from the *educational process. See id.*

schedule a meeting with Khan and his parents for May 30, 2008; however, the Khans stated they were unable to attend, and FBISD rescheduled the meeting for June 2, 2008. Khan's parents and his older brother attended the June 2 meeting with FBISD officials, but Khan did not attend because he was taking a test that day. Khan did not request to reschedule his exam or the meeting so that he could be present. On June 3, 2008, Khan and his parents received FBISD's formal decision that Khan would not be allowed to deliver the valedictorian address or attend graduation. Given these facts, the Court is satisfied FBISD afforded Khan minimal due process. *See Bundick,* 140 F.Supp.2d at 740 (citing *Goss,* 419 U.S. at 581, 583, 95 S.Ct. 729 (explaining that because federal courts are extremely hesitant to become involved in public schools' disciplinary decisions, only "rudimentary precautions" are required by the Constitution)).

### 2. *Irreparable Injury*

 Assuming Khan could succeed on the merits, Khan will suffer no "irreparable injury" by not being allowed to participate in or speak at George Bush High School's June 7, 2008 graduation ceremony. *See Karaha Bodas Co.,* 335 F.3d at 363. It is undisputed that Khan will graduate from George Bush High School regardless of whether he dons a graduation gown, crosses the stage, or delivers the valedictorian address. Likewise, it is undisputed that Khan retains the honored distinction of graduating valedictorian of his class. Khan did not inform the Court that he has earned scholarships or other opportunities that will be revoked if he does not participate in graduation, and there is no evidence that his academic record will indicate FBISD prevented him from attending or participating in commencement exercises. *See Swany,* 720 F.Supp. at 775. Thus, the Court finds Khan's reputation, community standing,

and credibility will not suffer irreparable harm if Khan cannot attend or participate in graduation. *See id.* (explaining that a student's "good name, reputation or honor or any future opportunities" were not infringed upon when he was precluded from attending graduation because there was nothing on his permanent record indicating he was prevented from attending commencement exercises).

Texas students have only a legitimate expectation of receiving a diploma after attending school for the requisite number of years and after successfully completing required courses. *See Williams,* 796 F.Supp. at 255. Because commencement ceremonies are symbolic of the educational end result—and not an essential component of it—and because Khan will receive the diploma he has rightfully earned, and his valedictorian status will not be withdrawn, the Court finds Khan will not suffer irreparable injury if he is precluded from attending and participating in the graduation ceremony itself. *See Karaha Bodas Co.,* 335 F.3d at 363.

### 3. *Threatened Injury*

 The Court is not unsympathetic to Khan's situation, and the Court recognizes Khan "will suffer to the extent that participating in one's high school graduation ceremony with his or her peers is important to many students." *See Williams,* 796 F.Supp. at 255. According to the law, however, Khan faces no "threatened injury" because he will receive all that he is legally entitled to receive: a diploma. *See id.* (explaining that although students have a property interest in a high school diploma, there is no accompanying right to receive the diploma at a graduation ceremony). On the other hand, FBISD contends it will suffer injury if Khan is allowed to attend or speak at graduation because unlike the other seniors who are also precluded from

 

attending graduation, Khan's valedictorian status essentially makes him "the face of the district." [8] The Court recognizes FBISD's need to enforce rules and maintain order and autonomy.

### 4. *Public Interest*

█ Again, assuming Khan could succeed on the merits, which he cannot, the Court finds the public interest weighs in favor of this Court abstaining from interfering with FBISD's internal disciplinary decisions. *See Karaha Bodas Co.*, 335 F.3d at 363; *Williams*, 796 F.Supp. at 256 ("The citizens of Texas are disserved when federal judges substitute their notions of fairness in place of officials elected to make these kinds of policy decisions and judgment calls."). The Court recognizes FBISD's authority and discretion to prohibit Khan and other students who violated FBISD policies from participating in the graduation ceremony as a sanction.

In sum, Khan fails to carry his burden. *See Karaha Bodas Co.*, 335 F.3d at 363. Khan did not show the Court there is a substantial likelihood he would succeed on the merits as he has no legally protected property interest in attending or speaking at his high school graduation ceremony.[9] This in and of itself is fatal to Khan's case. Moreover, Khan will not suffer irreparable injury because he will receive his high school diploma and retain valedictorian standing on his academic transcript. Although Khan's situation is unfortunate, the threatened injury to Khan does not out-weigh the threatened harm to FBISD, and the public interest is best served by maintaining the status quo. For all the foregoing reasons, the Court, in its discretion, hereby

ORDERS that Plaintiff Khurrum Khan's Motion for Temporary Restraining Order is DENIED.

---

8. According to FBISD, five seniors were involved in the computer theft incident. Like Khan, these seniors are also prohibited from attending or participating in the graduation ceremony.

9. Although Khan seeks to invoke the Court's equitable power, a court of equity has no more power than a court of law to act on its own notion of what is right in a particular case. *See Dolinger*, 498 S.E.2d at 254 ("Where rights are defined and established by existing legal principles, they may not be changed or unsettled in equity."). Equity must seek to do justice within the parameters of the law. *Id.* (reversing a trial court's decision to grant an injunction after the trial court declared it had equitable power "to do the right thing" because the trial court itself had acknowledged the students had no legal right to participate in their high school graduation ceremony).