**SCHOOL PUPILS: GRADUATION: FEES:** Public schools are prohibited from denying students – who are eligible to receive their diploma – the opportunity to participate in graduation ceremonies due to unpaid meal debts.

169j
(cr.ref. 169x)



# STATE OF MINNESOTA

### OFFICE OF THE ATTORNEY GENERAL

**KEITH ELLISON**
ATTORNEY GENERAL

102 STATE CAPITOL
ST. PAUL, MN 55155-1609
TELEPHONE: (651) 296-6197

May 14, 2019

Mary Cathryn Ricker
Commissioner
Minnesota Department of Education
1500 Highway 36 West
Roseville MN 55113

Dear Commissioner Ricker:

Thank you for asking the Attorney General's Office to provide a written opinion on whether denying a student's opportunity to participate in graduation ceremonies or activities because of an unpaid meal debt violates state law. Pursuant to Minn. Stat. § 8.07 (2018), here is our response.

## FACTS

You indicated that you have recently become aware that several Minnesota school districts have policies that restrict a student's ability to participate in graduation ceremonies or activities when the student has an unpaid school meal debt owing to the school.

## QUESTION

You have asked whether the practice of restricting a student from participating in graduation ceremonies or activities because the student has an outstanding school meal debt violates Minnesota statutes.

## LEGAL ANALYSIS

In my opinion, public schools[1] are prohibited under Minnesota statutes from denying students the opportunity to participate in graduation ceremonies due to unpaid meal charges. I base this opinion on both the Minnesota Public School Fee Law, Minn. Stat. §§ 123B.34-39, (the "Law") and the Lunch Aid Law, Minn. Stat. § 124D.111, subd. 4.

---

[1] "Public schools" refer to Minnesota public elementary and secondary schools; school districts; and charter schools that are all subject to the Public School Fee Law.

**Minnesota Public School Fee Law:**

"It is the policy of the state of Minnesota that public school education shall be free." Minn. Stat. § 123B.35. The Minnesota Public School Fee Law explicitly provides:

> No pupil's rights or privileges, including the receipt of grades or diplomas may be denied or abridged for nonpayment of fees...

Minn. Stat. § 123B.37, subd. 2. The Law further provides:

> Any practice leading to suspension, coercion, *exclusion*, withholding of grades or diplomas, or *discriminatory action based upon nonpayment of fees* denies pupils their right to equal protection and entitled privileges.

Minn. Stat. § 123B.35 (emphasis added). As discussed in more detail below, (1) a charge for a school-provided meal qualifies as a "fee" under the Law, and (2) the opportunity to participate in graduation ceremonies is covered by this Law, and is a privilege that cannot be denied because of outstanding meal balances.

First, a charge for a meal by a public school is a "fee" subject to the Public School Fee Law. Minn. Stat. § 123B.36, subd. 1(b) lists "authorized fees" that a public school may require payment, and subdivision 1(b)(6) authorizes: "fees specifically permitted by any other statute." Both federal (*see* 42 U.S.C. § 1760(p)(2) – "each school food authority shall establish a price for paid lunches" served to students who are not certified to receive free or reduced price meals) and state (Minn. Stat. § 124D.111, subd. 4 – entitled "No fee" and restricts reminders for payment of meals) statutes authorize participating schools to charge a fee for meals for qualified students. In addition, subdivision 1(b)(5) in the list of authorized fees includes: "items of personal use or products that a student has an option to purchase…", which can include a meal (a product) that the student has option to purchase.

Second, the Law applies to students' participation in graduation ceremonies. While section 123B.37, subd 2 cited above expressly cites "grades or diplomas," its use of the introductory term "including" means the statutory prohibition is not limited to those examples. *See Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941) (stating that "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle"); *LaMont v. Indep. Sch. Dist. No. 728*, 814 N.W.2d 14, 19 (Minn. 2012) ("The word 'includes' is not exhaustive or exclusive").

In general, many courts across the country have held that participation in a graduation ceremony does not constitute a constitutional property right in the same way as the right to

receive a diploma or degree when one has met all academic requirements.[2] Participation in graduation ceremonies is more likely a privilege,[3] akin to participation in extracurricular athletic activities.[4] *See Olson v. Robbinsdale Area Schools,* No. Civ. 04–2707, 2004 WL 1212081 *4 (D. Minn. 2004) ("Participating in a high school graduation ceremony with one's own peers is, almost by definition, an unrepeatable event" and upholding a hearing officer's conclusion that participation in the graduation ceremony with peers is an "important educational benefit."). Accordingly, I conclude that participation in a graduation ceremony constitutes a benefit or privilege, for which public schools cannot deny or abridge for nonpayment of fees under section 123B.37, subd. 2.

Graduation ceremonies are significant events and a memorable way to celebrate the important achievement of graduation with families, fellow students, and teachers. Participation in graduation ceremonies is a privilege, and therefore, a public school cannot exclude a student from participating in the school activity based upon nonpayment of fees. Minn. Stat. § 123B.37, subd. 2. Moreover, this practice leading to exclusion or discriminatory action based upon nonpayment of fees denies students their right to equal protection and entitled privileges as provided by Minn. Stat. § 123B.35.

**Lunch Aid Law:**

In addition to the Public School Fee Law, public schools participating in the School Lunch Program under current Minnesota law are expressly prohibited from demeaning or stigmatizing students for outstanding student meal balances:

> The [school] must also ensure that any reminders for payment of outstanding student meal balances do not demean or stigmatize any child participating in the school lunch program.

Minn. Stat. § 124D.111, subd. 4. Denying students the opportunity to participate in their school graduation due to nonpayment of meals is a reminder or message to others that would demean or stigmatize students. That is prohibited under Section 124D.111, subd. 4.

---

[2] *See Nieshe v. Concrete Sch. Dist,* 129 Wash. App. 632, 645, 127 P.3d 713, 720, (2005); *See also, Williams v. Austin Indep. Sch. Dist.,* 796 F.Supp. 251, 255 (W.D.Tex 1992).

[3] "Privilege" is defined as "a right or immunity granted as a peculiar benefit, advantage or favor." *Merriam–Webster's Collegiate Dictionary* 936 (9th ed. 1983). Participation in a graduation ceremony due to successful completion of required coursework, examinations and all academic requirements is a benefit.

[4] *See Brown v. Wells,* 288 Minn. 468, 181 N.W.2d 708 (1970) (membership in interscholastic sports teams is a privilege).

In sum, schools retain the right to pursue legal collection action for unpaid fees. But public schools are prohibited from denying students – who are eligible to receive their diploma – the opportunity to participate in graduation ceremonies due to unpaid meal debts, under the Public School Fee and State School Lunch Aid Laws.

## CONCLUSION

I understand that there is pending legislation to strengthen the enforcement, reporting and policies regarding school meals and lunch aid. I support that legislation. In the meantime, because we are in the midst of high school graduation season, I am issuing this Written Opinion that is binding on school officers unless overruled by a court.[5]

Let me know if you have further concerns. Thank you for your concern for all students in Minnesota's public schools.

Sincerely,

KEITH ELLISON
Attorney General

|#4488342-v1

---

[5] *See,* Minn. Stat. § 120A.10; *Minnesota Voters Alliance v. Anoka-Hennepin Sch. Dist.,* 868 N.W.2d 703, 707, n.2, (Minn. Ct. App. 2015) (written opinion of the attorney general is "decisive" on all school matters until decided otherwise by courts.) *See also, Eelkema v. Bd. of Educ. of City of Duluth*, 215 Minn. 590, 593, 11 N.W.2d 76, 78, (Minn. 1943) (attorney general "opinion, though not binding on the courts, was, by statute law, binding upon school officers until overruled by the courts.")